**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT**

In re:

**Randy Lee McClure and
Elizabeth A. McClure,
            Debtors.**



Filed & Entered
On Docket
May 18, 2009

**Chapter 13 Case
# 09-10117**

<u>**ORDER
GRANTING DEBTORS' MOTION TO STRIP OFF WHOLLY UNSECURED MORTGAGE
AND DETERMINING THAT THIS RELIEF IS AVAILABLE WITHOUT AN ADVERSARY PROCEEDING,
AND THAT NOTICE AND SERVICE WERE SUFFICIENT**</u>

On February 17, 2009, the Debtors filed a "Motion to Determine Value of Collateral and Strip Off Wholly Unsecured Second Mortgage of HSBC Mortgage Services" seeking a determination that the Debtors' residence has a value of $195,000 and that the second mortgage debt of HSBC Mortgage Services ("HSBC") should be treated as a wholly unsecured claim (doc. # 10). The Debtors asserted that they were entitled to strip HSBC's second mortgage lien because the documents filed in support of the motion demonstrate that the subject property is worth $195,000; the property is encumbered by a first mortgage with a payoff of $219,000; the balance due on the first mortgage lien exceeds the value of the property; and therefore there was no collateral value to which the second mortgage can attach. <u>Id.</u>; <u>see</u> 11 U.S.C. § 506(a).

The Debtors appended to their motion four documents in support of their assessment of the property's value: (i) Debtors' schedule A listing the property as a 12.4 acre parcel with dwelling, and having a current value of $195,000; (ii) a "Limited Appraisal Summary" and "Uniform Residential Appraisal" prepared for Corinthian Mortgage Company by a state certified appraiser, dated April 29, 2005, valuing the property at $179,000 (although this appraisal states that per the request of the client, it values only the dwelling plus 5 acres, and assigns no value to the remaining 7.4 acres); (iii) a Broker's Price Opinion dated February 12, 2009, stating that the property, including a dwelling and 12.4 acres, has a current market value of $134,000; and (iv) the Town of Sheffield Tax Bill dated August 18, 2008 fixing the assessed value of the property (including 12.4 acres plus dwelling) at $100,534 (doc. #10). Based upon the documents filed, the lack of objection by any creditor or party in interest, and the Trustee's support of the motion, the Court finds the Debtors' valuation of this property at $195,000 to be reasonable and grants the valuation component of relief sought.

However, based upon the papers filed, the Court did not find the record sufficient to grant the lien

1

stripping component of relief and set a hearing on the motion. At April 9, 2009 hearing, the Court determined that notwithstanding the lack of objection by HSBC, the record did not show service of the motion upon HSBC that complied with Bankruptcy Rule 7004, and the Debtors had not demonstrated they were entitled to this relief without an adversary proceeding.[1] Accordingly, the Court reserved decision on the motion and directed the Debtors to file a memorandum of law in support of their right to obtain the relief they sought through a motion, i.e., without an adversary proceeding, and to file proof of service demonstrating compliance with Rule 7004.

On April 20, 2009, the Debtors filed a new motion to value the collateral at $195,000 and to strip off HSBC's lien (doc. # 19)[2] (the "Motion") and a memorandum of law in support of the Motion (doc. # 20). The notice of motion in connection with the Motion was precisely the same as the original motion in terms of the relief sought and attached the same documents in support of the determination of value. The Debtors filed the Motion utilizing the Court's "default procedure," set May 15, 2009 as the deadline for filing objections, and gave notice that a hearing would be held on June 2, 2009, in the event an objection was filed or if the Court did not enter an order adjudicating the Motion before that date. See Vt. LBR 9013-4. The certificate of service attached to the Motion specified that the Debtors' attorney had served the Motion on HBSC Mortgage Services by certified mail, to two addresses (one in Elmhurst, Illinois and one in Brandon, Florida, with each sent to the attention of an officer or department manager). As of May 15, 2009, no objection was filed.

With respect to whether an adversary proceeding is required, the Court finds it is not. The Court begins with the fact that a debtor has the right to strip the lien of a wholly unsecured mortgage. In the Second Circuit, "the anti-modification exception of § 1322(b)(2) protects a creditor's rights in a mortgage lien only where the debtor's residence retains enough value-after accounting for other encumbrances that have priority over the lien-so that the lien is at least partially secured under § 506(a)." In re Pond, 252 F.3d 122, 126 (2d Cir. 2001). Thus, where, as here, there is no value to secure the lien, a debtor may strip off the uncollateralized lien and treat the creditor as the holder of a wholly unsecured claim. That is settled law. The question that is not settled is the proper procedural mechanism for pursuing lien stripping relief. In Pond, the debtors were seeking a new type of relief, and filed an adversary proceeding to do so, pursuant to Bankruptcy Rule 7001(2). Since Pond, requests for lien stripping have become rather commonplace and the courts are split as to whether an adversary proceeding is necessary. The procedural question boils down to whether lien stripping is equivalent to a request to determine the validity of a lien, which requires a summons and

---

[1] Bankruptcy Rule 7001 provides that "The following are adversary proceedings: . . . (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property . . ."
[2] This second motion (doc. # 19) seeks the same relief as the prior motion (doc. # 10) which is still open on the Court's docket. Therefore, the Court treats the first motion as withdrawn and this motion as a replacement motion which wholly supersedes the original motion.

2

complaint, or whether it is part of the valuation process under § 506(a) and Bankruptcy Rule 3013, which may be pursued through motion as a contested matter.

This issue was comprehensively considered by our sister bankruptcy court in In re Robert, 313 B.R. 545 (Bankr. N.D.N.Y. 2004). There, the court thoroughly examined the rationale on both sides of the argument as to whether a debtor must file an adversary proceeding to strip off a junior mortgagee's wholly unsecured lien on their residential property and concluded that an adversary proceeding was not necessary. Id. at 550. The Robert court construed the debtors' motion as focused on whether there was sufficient equity in the subject property to reach beyond the first mortgage, rather than as an affirmative challenge to the validity, priority, and/or extent of the mortgagee's claim. Id at 548. This Court finds this distinction to be sound and sensible and therefore adopts the Robert rationale and conclusion: "A debtor moving to value collateral for purposes of stripping off an allegedly wholly unsecured lien under Code § 506 may do so by motion, unless the debtor seeks to otherwise contest the validity, extent, or priority of the lien [with those terms referring to enforceability, superiority in rank or position, and identification of the property encompassed by or subject to the lien]." Id. at 550.

With respect to service of the Motion and notice to HSBC, the Court finds that the Debtors have met their burden. Motions seeking to value collateral are contested matters, governed by Rule 9014. That rule directs that "a motion shall be served in the manner provided for service of a summons and complaint by Rule 7004." Fed.R.Bankr.Proc. 9014(b). The Debtors do not dispute that HSBC is an insured depository institution. See doc. # 19 at p 1. As such, the Debtors must serve HSBC by sending the document "by certified mail addressed to an officer of the institution" [unless certain exceptions not applicable here are available]. Fed.R.Bankr.Proc. 7004(h). The Debtors have attached proof of service showing service upon an officer of HSBC by certified mail.

The Court turns next to whether HSBC received sufficient notice that its lien might be transformed into a wholly unsecured debt. The motion makes obvious in both its caption and on its first page that the relief being sought is to "Determine Value of Collateral and Strip Off Wholly Unsecured Second Mortgage of HSBC Mortgage Services," see doc. ## 19, 20. The Debtors' plan likewise puts HSBC on notice of the Debtors' intentions with respect to the second mortgage. First, it does not list HSBC's second mortgage as a debt being paid as a secured claim, although HSBC's first mortgage is listed there. Second, under the section entitled "6. Other Provisions" the plan provides:

> d. Other
> Debtor has moved that this Court enter an order finding that the junior mortgage of HSBC Mortgage Services is wholly unsecured and not subject to protection under 11 U.S.C. § 1322(b)(2); and that the junior lien be stripped off; and determining that the claim be treated as a general unsecured claim.

3

Doc. # 9, p.3. Since HSBC had 25 days notice of the plan plus 14 days notice of the Motion, the Court finds that HSBC had ample notice of the relief being sought and ample opportunity to object. In sum, the Debtors have satisfied both the due process notice requirements and the service requirements of Bankruptcy Rules 9014 and 7004. On this point as well, the Court adopts the rationale of In re Robert, 313 B.R. at 550, which held that due process requirements are met in motions to strip off unsecured liens as long as the debtor effects service in compliance with Rule 7004 and the motion makes the relief sought clear and conspicuous.

Accordingly, parties may, in this District, seek to strip subordinate unsecured mortgage liens by motion, and need not file an adversary proceeding to obtain that relief, if the movant: (a) satisfies the service requirements of Rule 7004; (b) provides to the creditor ample, meaningful, clear, and conspicuous notice of the relief being sought in both the motion and the plan; and (c) is not seeking a determination of the validity, priority, or extent of the mortgage lien.

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. the Debtors' motion filed on February 17, 2009 (doc. # 10) is deemed withdrawn;
2. the Debtors' motion filed April 20, 2009 (doc. # 19) is GRANTED;
3. the Debtors' residential real property, consisting of 12.4 acres and a dwelling located in Sheffield, Vermont (referred to in the Debtors' petition and schedules as their homestead property), will be valued at $195,000 for purposes of this bankruptcy case;
4. the junior mortgage recorded to secure the second mortgage debt of HSBC Mortgage Services is wholly unsecured and is hereby stripped of its lien status;
5. the claim of HSBC Mortgage Services, listed as the holder of a second mortgage on the above referenced property, shall be treated as a general unsecured creditor in this chapter 13 case; and
6. upon completion of their chapter 13 plan (as certified by the chapter 13 trustee), the Debtors may have an Order of this Court discharging the second mortgage of HSBC Mortgage Services.

SO ORDERED.

May 18, 2009  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

4